**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| TRAVEL INDUSTRY SOLUTIONS, LLC, a Florida limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>A.S.A.P. CRUISES, INC. d/b/a OUTSIDE AGENTS d/b/a CRUISES & TOURS UNLIMITED, a Florida corporation; CHAD BURT, an individual; and STEVE MURACA, an individual,<br><br>            Defendants. | CASE NO.: _____<br><br><br>**JURY TRIAL DEMANDED**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## COMPLAINT

Plaintiff TRAVEL INDUSTRY SOLUTIONS, LLC hereby files this Complaint against Defendants A.S.A.P. CRUISES, INC. d/b/a OUTSIDE AGENTS d/b/a CRUISES & TOURS UNLIMITED, CHAD BURT, and STEVE MURACA (collectively referred to as "Defendants").

Plaintiff alleges as follows:

## THE PARTIES

1.      Plaintiff Travel Industry Solutions, LLC ("Plaintiff") is a Florida limited liability company with an office at 3892 Emerald Estates Circle, Apopka, Florida 32703.

1

2.      Upon information and belief, Defendant A.S.A.P. Cruises, Inc. d/b/a Outside Agents d/b/a Cruises and Tours Unlimited ("Outside Agents") is a Florida corporation with its principal place of business at 9125 Phillips Highway, Jacksonville, Florida 32256.

3.      Upon information and belief, Defendant Chad Burt ("Mr. Burt") is an individual residing in Duval County, Florida.

4.      Upon information and belief, Defendant Steve Muraca ("Mr. Muraca") is an individual residing in Duval County, Florida.

## JURISDICTION AND VENUE

5.      This is an action for copyright infringement under 17 U.S.C. § 101 *et seq*.

6.      This Court has subject matter jurisdiction under 17 U.S.C. § 1203(a), and 28 U.S.C. §§ 1331 and 1338.

7.      This Court has personal jurisdiction over Defendant Outside Agents because this Defendant is a Florida corporation doing business throughout Duval County and the State of Florida.

8.      This Court has personal jurisdiction over Defendant Mr. Burt because he is an individual who resides in Duval County, Florida, and who directs and controls the actions of Outside Agents as set forth herein, and derives benefits therefrom.

2

9. This court has personal jurisdiction over Defendant Mr. Muraca because he is an individual who resides in Duval County, Florida, and who directs and controls the action of Outside Agents as set forth herein, and derives benefits therefrom.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400.

11. All conditions precedent have been met, satisfied or waived.

## GENERAL ALLEGATIONS

12. Plaintiff conducts business within the domestic and international travel industry by providing legal contracts and resource solutions for retail travel agents and agencies. Plaintiff provides training and support to its members in the areas of travel regulations and compliance, travel marketing, and sales.

13. Among Plaintiff's services, it licenses to its members original legal documents that have been created by legal professionals. By providing this service, Plaintiff enables travel agents and agencies to focus on their customers and businesses without having to find and retain their own legal professionals to draft contracts and other necessary legal documents.

14. The legal documents Plaintiff licenses include Affiliate and Advertising Disclosures, Travel Agency Terms and Conditions, Independent Contractor Agreements, Website Terms of Use, Website Privacy Policies, Travel Service

3

Agreements, Planning Fee Agreements, Referral Agreements, Non-Solicitation Agreements, Travel Insurance Waivers, Influencer Agreements, Travel Agent Independent Contractor Agreements, Group Leader Agreements, Travel Agency Email Policies, and Email List Agreements.

15.    Plaintiff is the sole owner of the copyrights in all these agreements, including the Travel Insurance Waiver. All of Plaintiff's legal documents display Plaintiff's copyright notice at the bottom of each page. A true and correct copy of the Travel Insurance Waiver is attached hereto as Exhibit A.

16.    Plaintiff is the owner of the copyright in the Travel Insurance Waiver, as well as Copyright Registration No. TX 0009224254 for that work. The Copyright Registration was issued on February 15, 2023. A true and correct copy of the Copyright Registration for the Travel Insurance Waiver is attached hereto as Exhibit B.

17.    Travel agents and agencies who wish to access, use, and reproduce Plaintiff's copyrighted legal documents, including the Travel Insurance Waiver, may do so only by purchasing one of Plaintiff's membership options, as set forth here:

https://travelindustrysolutions.com/membership/.  Plaintiff's membership options include the following:



18.     Individuals purchasing a membership must sign Plaintiff's License Agreement. A true and correct copy of Plaintiff's License Agreement is attached hereto as Exhibit C.

19.     Plaintiff's License Agreement grants to members a non-exclusive, non-assignable, non-transferable license to use Plaintiff's original copyrighted program materials, including its legal documents and Travel Insurance Waiver.

20.     Under paragraphs 2.4.1-2.4.4 of Plaintiff's License Agreement, members agree that they will not modify any of Plaintiff's legal documents,

reproduce, recreate, copy, or scan Plaintiff's legal documents into any electronic image, text, or other format, reverse engineer, decompile, disassemble, or replicate Plaintiff's legal documents, or sell, distribute, transfer, share, or otherwise allow access to program materials to any third party without Plaintiff's prior written consent.

21.    Plaintiff's warranty and copyright licenses for the legal documents are tied to each member license. According to paragraphs 2.4.4, 5.5.1, and 6.3.2 of the License Agreement, the unauthorized reproduction or use of Plaintiff's products without a subscription is prohibited, and voids any and all warranties. Thus, users who purchase memberships may not reproduce or share the copyrighted products with non-subscribers. Likewise, under paragraph 5.7.1 of the License Agreement, if a member's subscription expires, that member is prohibited from continuing to use Plaintiff's products.

22.    On information and belief, Defendants Mr. Burt and Mr. Muraca are the principals of Defendant Outside Agents, and direct and control its actions and benefit financially therefrom.

23.    On information and belief, Defendant Outside Agents is a host travel agency with a network of 7,500 independent travel agencies that pay monthly membership fees to gain access to Outside Agents' supplier network to leverage deals with hotels and other suppliers to then sell travel to their personal clients.

Outside Agents also provides its members with technology training and other business tools to help them succeed in the travel industry. Although Defendants are within Plaintiff's targeted audience for its subscription services, Defendants have never purchased any of Plaintiff's membership options.

24.     One of Defendant Outside Agents' primary selling points for its membership program is its Fraud Protection Program, which was created by Defendant Mr. Burt. As part of the Fraud Protection Program, Defendants train their members on how to identify, prevent, and manage fraud, and provide legal support for recovering losses resulting from fraud. Defendants have heavily marketed this program and tout it as the "travel industry's first and only" such program.

25.     In early 2023, Plaintiff learned that without obtaining a membership or otherwise seeking permission from Plaintiff, Defendants had gained access to and were reproducing and displaying Plaintiff's copyrighted Travel Insurance Waiver on a webinar video shown on the Host Agency Reviews YouTube channel, Facebook Group, and the Host Agency Reviews website. A true and correct copy of the video will be physically submitted to the Court and is referred to herein as Exhibit D. The Travel Insurance Waiver is displayed starting at minute 34:25.

26.     The Host Agency Reviews is a travel industry-related business that provides a travel industry directory and other travel-related resources to travel agents. Upon information and belief, the Host Agency Reviews YouTube channel

has over 3,300 subscribers. The Host Agency Reviews Facebook Group has over 8,300 followers. The Host Agency Reviews website has nearly 100,000 website visitors per month.

27.    By displaying Plaintiff's copyrighted Travel Insurance Waiver on the webinar posted on the Host Agency Reviews YouTube channel, Facebook Group, and website, Defendants reproduced and offered it publicly to thousands of travel agents who were not members or subscribers of Plaintiff, and who had no right to view Plaintiff's copyrighted legal documents without entering into a License Agreement. Defendants did so without Plaintiff's knowledge or authorization.

28.    On information and belief, Defendants also began disseminating Plaintiff's copyrighted Travel Insurance Waiver on its My Booking Genie platform, which may be accessed by all Defendants' members for travel booking, registration, and payment collection.

29.    Defendants knew that the Travel Insurance Waiver was a copyrighted proprietary document of Plaintiff, and knew they were not authorized to publicly display and reproduce the Travel Insurance Waiver without Plaintiff's consent. Nevertheless, they went forward and disclosed Plaintiff's copyrighted works to thousands of viewers, all of whom were potential customers of Plaintiff, but who now were able to access Plaintiff's valuable copyrighted documents for free without a license.

30.     Upon learning of Defendants' infringing activities, Plaintiff sent a cease and desist letter to Defendants demanding that they immediately cease infringing Plaintiff's copyright. A true and correct copy of this letter is attached hereto as Exhibit E.

31.     Plaintiff simultaneously sent a letter to Host Agency Reviews requesting that it remove from its website and platform any and all materials originating with Outside Agents that referred or related to Plaintiff. Upon receipt of this letter, Host Agency Reviews removed Defendants' webinar video displaying Plaintiff's Travel Insurance Waiver. A true and correct copy of the letter sent to Host Agency Reviews is attached hereto as Exhibit F.

32.     Defendants, however, never responded to Plaintiff's cease and desist letter, and continue to infringe upon Plaintiff's copyrights. On information and belief, Defendants are still disseminating Plaintiff's copyrighted Travel Insurance Waiver on their My Booking Genie platform. Because Defendants received a letter expressly advising of Plaintiff's copyright and demanding the removal of Plaintiff's work, Defendants were well aware that Plaintiff owns a valid copyright and copyright registration, yet they continue to knowingly infringe upon Plaintiff's copyrights. Defendants therefore are engaging in willful copyright infringement.

33.     Plaintiff has retained the law firm of Allen, Dyer, Doppelt + Gilchrist, P.A., agreeing to pay a reasonable fee for its services.

34.     All conditions precedent to bringing this action have been performed, have occurred, have been waived, or have otherwise been excused by Defendants' actions.

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS
## UNDER 17 U.S.C. § 501 et sec.

35.     Plaintiff incorporates and re-asserts paragraphs 1 through 34, as if fully set forth herein.

36.     This Count is a claim against all Defendants for copyright infringement under 17 U.S.C § 501.

37.     Plaintiff is the owner of a valid copyright and copyright registration in the Travel Insurance Waiver, and has obtained U.S. Copyright Registration No. TX 0009224254 in the Travel Insurance Waiver.

38.     Defendants Mr. Burt and Mr. Muraca had access to the Travel Insurance Waiver and direct and control the acts of infringement by Outside Agents, which has reproduced and continues to reproduce Plaintiff's copyrighted Travel Insurance Waiver, on websites, social channels, and internet platforms, without Plaintiff's authorization and in direct defiance of Plaintiff's demand to cease and desist.

39.     Defendants have, without authorization from Plaintiff, reproduced and published and continue to reproduce and publish infringing copies of the Travel

Insurance Waiver online for viewing by the public at large, in disregard of Plaintiff's exclusive rights of copyright, in violation of 17 U.S.C. § 501.

40.   Defendants' copies are virtually *identical* to Plaintiff's copyrighted Travel Insurance Waiver, as evidenced by a comparison of Exhibits A and D.

41.   Defendants' continuing conduct, after Plaintiff informed Defendants that their conduct was violating its copyrights, constitutes willful copyright infringement in violation of 17 U.S.C. § 501, and is irreparably harming Plaintiff.

42.   Defendants are liable to Plaintiff for actual damages as a result of their infringement, as well as all costs of this action. In addition, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent further irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against all Defendants for:

A.   An Order directing the immediate seizure of the infringing Travel Insurance Waiver from the offices and computer systems of Defendants, and an order that the Defendants deliver up all physical and digital copies of the infringing Travel Insurance Waiver for destruction, pursuant to 17 U.S.C. § 503(a) and (b).

B.   A preliminary and then permanent injunction barring the Defendants, their agents, servants, employees, and those persons in active concert or participation with the Defendants, from copying, reproducing, distributing, or making derivative works of the Travel Insurance Waiver, pursuant to 17 U.S.C. § 502.

C.     An award of the actual damages and profits of the Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504(b);

D.     Any additional relief as this Court may deem just under the circumstances.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury for all issues so triable.

Respectfully submitted this April 6, 2023.

*/s/ Melissa Dangond*

Ava K. Doppelt, Lead Trial Counsel
Florida Bar No. 393738
adoppelt@allendyer.com
Melissa Dangond
Florida Bar No. 1025285
mdangond@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

Attorneys for Plaintiff
TRAVEL INDUSTRY SOLUTIONS, LLC
